MISSISSIPPI SHIPBUILDING CORPORATION, Respondent, *v.* LEVER BROTHERS COMPANY and Another, Appellants.

First Department, May 18, 1923.

Contracts — action to recover on contract for construction of ship — pleadings — variance — complaint alleged full performance — recovery cannot be had where there is material deviation from contract — contract required edge bolts in timbers of inner hull — there is material variance authorizing dismissal of complaint where proof shows different construction — substantial performance not shown — waiver of provision as to edge bolting was not pleaded — evidence of proof of waiver inadmissible — captain acting as supervisor of construction, could not waive provision.

In an action to recover the contract price for the construction of a ship in which the complaint alleges that the plaintiff fully performed the contract, a recovery cannot be had where the evidence shows that there was a material deviation from the requirements of the contract which affected substantially the nature of the. construction specified, and where such departure from the precise terms which the contractor undertook to carry out is willful and intentional.

Accordingly, in this action there was a material variance between the complaint and the proof which requires the dismissal of the complaint, since the complaint

alleged full performance of the contract which required the insertion of edge bolts in the inner hull of the ship and the proof shows that this method of construction was willfully and intentionally changed for another method that was a material deviation from the method specified.

Substantial performance was not shown by proof that the method adopted was " just as good " as that specified in the contract.

The plaintiff did not allege that the specification as to edge bolting was waived and it was error to admit evidence of any waiver thereof.

Furthermore, waiver was not established by proof that the captain, whose only authority was to inspect the ship during construction, consented to the change in the plans.

APPEAL by the defendants, Lever Brothers Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of April, 1921, upon the verdict of a jury; also from an order entered in said clerk's office on the 2d day of May, 1921, denying defendants' motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 27th day of April, 1921, granting plaintiff an extra allowance.

*Larkin, Rathbone & Perry* [*Albert Stickney* of counsel; *Orville C. Sanborn* with him on the brief], for the appellants.

*Slade & Slade* [*Maxwell Slade* of counsel; *David H. Slade* with him on the brief], for the respondent.

McAVOY, J.:

A fundamental lack of conformity between pleading and proof pervades the record of the trial of this action, which renders necessary a direction that the complaint be dismissed for material variance. In the contract upon which the suit was based the builder, plaintiff, covenanted with the purchaser, the defendant Lever Brothers Company, for the price of $145 per English dead weight ton, to complete for the purchaser in its yard at Biloxi, Miss., the four-masted auxiliary schooner, *Elizabeth Ruth*, then being there constructed, which was approximately of about 1,500 English tons total dead weight. The schooner's length over all, its beam and equipment with marine oil engines are there described, and the compact was that the vessel was to be built in accordance with the plans and specifications approved by, and then in the possession of, Lloyd's Register of Shipping, and under the inspection of Lloyd's Register; and the builder was to furnish to the purchaser a certificate of class of said schooner of the highest class for this type of vessel of Lloyd's Register of Shipping at the time of the delivery of said vessel.

The complaint pleaded that the builder, plaintiff, duly and fully completed the construction of said schooner at the earliest

possible date it could be completed, and delivered it, after certain extensions and waivers of times of supplying the schooner, to the defendants; and that the same was then and there accepted, and possession thereof taken by the defendants; and plaintiff demanded damage in the sum of $43,230, as a balance due for a schooner of 1,674 dead weight tons, and in addition claimed $67,316.28 for extra work and material, totaling as to both claims $110,591.28. The verdict was for $66,645.94 with interest. This verdict was had upon a complaint alleging, as to construction, due and full performance, when, as a matter of fact, it was practically conceded that a substantial and vital specification contained in the plans filed with Lloyd's Register of Shipping, pursuant to which the vessel was built, was omitted in the construction. The plans obviously indicate a requirement that the timbers forming the inner hull or " ceiling " should be edge bolted. This edge bolting is indicated in the plans, and is a requirement which cannot be considered as non-essential to the performance of the contract. Edge bolting is described in the evidence as follows: " The bolting together, through its length, of the ' ceiling ' * * * the inner side or hull of the vessel * * * by the insertion of edge bolts, that is, iron rods 30 inches long and $1\frac{1}{4}$ inches thick which are inserted in adjacent timbers which form an inner hull at the points of union with each other. An edge bolt is inserted and pierces each two and one-half adjacent timbers."

The specifications require the above method of construction, as indicated by the Exhibits D-1 and D-6, the former reciting: " Ceiling to be edge bolted from 8″ bilge strakes to upper deck bolts 1″ dia. spaced 45″ crs. each bolt to take $2\frac{1}{2}$″ strakes of ceiling."

An expert's testimony indicates that the effect of the omission of edge bolting or edge fastening as specified in the plans of this schooner, would be to destroy its usefulness as a cargo vessel, because, without the edge boltings or fastenings specified, she could not be built sufficiently strong to withstand the stresses and strains of a seaway which she would be subject to, and would continually leak and change shape and be unable to carry cargo successfully; that she would be practically useless.

The learned trial court recognized that the omission to include edge bolting was a material deviation from the contract plans and specifications; nevertheless he permitted the jury to find that the plaintiff could have performed its contract by the use of a different method of construction. The charge upon this point states: " It seems to be conceded that this edge bolting was an important feature of the construction of that ship. Mr. Dwyer's [plaintiff's president] contention is that he put in place of the

edge bolting he left out, an adequate substitute. So far as that is concerned, I will leave it to you."

It cannot be denied that the universal holding in respect of recovery of damages upon an allegation of full performance of a contract requires that there be no material deviation from the requirements of the contract which affect substantially the nature of the construction specified; and where such departure from the precise terms which the builder has undertaken to carry out is willful and intentional, such failure to perform the substance of the contract's requirements as indicated in its plans and specifications, is the basis for a refusal to give the builder a remedy of recovery. A contract is not substantially performed which substitutes for that which its requirements direct, materials and workmanship which expert witnesses may denominate " just as good." While minor deviations from the strict terms of a contract are permitted where allowances are made adequate for the difference, if made in good faith and for sufficient reason, yet no ruling gives ground for extending this indulgence to material and substantial variance.

Under the ruling made by the learned trial court, plaintiff was permitted to recover upon a pleading which alleged full and complete performance, although there was neither amendment nor acquiescence in its proof of non-performance and waiver thereof. Whatever waivers the complaint alleged related wholly to waivers of the dates of completion of the vessel. There is not an allegation of any waiver of any specific requirement of the contract relating to construction. While the admission of this proof would of itself be erroneous in the absence of any allegation to support it, the very nature of the testimony offered was itself objectionable for another reason. The person with whom the alleged waiver of performance was alleged to have been agreed upon was wholly incompetent legally to exercise any such authority. The agreement to waive the requirement was alleged to have been made with one Captain Kerr, who was to have had the command of the vessel when she put to sea. The court during the trial appeared to consider that the authority of the captain was as broad in respect of the construction of the vessel as it would be in respect of the vessel's management during navigation. This was an erroneous view of Captain Kerr's authority, since under article 8 of the contract his duties were those of a supervisor appointed by the purchaser to see that the terms of the contract were complied with and not avoided or waived. He had no other authority (nor was any to be implied from the nature of his employment), whereby the defendants might be bound through his permission, to permit substantial deviations from the terms of the agreement. The

proof lacked an essential element for recovery, to wit, proof of performance or adequate allegation and evidence of waiver thereof.

The judgment and orders should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Judgment and orders reversed, with costs, and complaint dismissed, with costs.